COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:          Todd David Rogers v. Gina Marie Rogers

Appellate case number:     01-15-00224-CV

Trial court case number:     12-DCV-199022

Trial court:                          434th District Court of Fort Bend County

On August 11, 2015, this Court granted the motion by appellant, Todd David Rogers, to abate this appeal to permit the trial court to render a final judgment in this divorce case.  In that Order, the Court stated that if a supplemental clerk's record containing a final judgment was not received by this Court within thirty days of that Order, this appeal may be dismissed for want of jurisdiction unless appellant moved to extend the abatement and that extension was granted.  On September 9, 2015, appellant timely filed a request to extend the abatement for a few days to allow for completion of the supplemental clerk's record, contending that it was appellant's "belief at this time that the decree has been signed by the Court," and that the "request for the supplementation of the Clerk's record is being filed at the same time as this request."  Finally, appellant requests that this Court enter an order indefinitely continuing the abatement "pending further notice from the parties and action from the trial court."

However, on September 15, 2015, the trial clerk filed a "Trial Court Clerk's Notice of Non-Payment," stating that the deadline for filing the supplemental clerk's record had passed because appellant neither had made payment arrangements nor requested that the supplemental clerk's record be prepared.  According to the trial clerk's website, a final decree of divorce was signed by the trial judge on September 14, 2015, and was mailed to the parties on September 15, 2015.

Accordingly, appellant's motion to extend the abatement is **GRANTED, in part**. *See* TEX. R. APP. P. 27.2.  However, if appellant fails to provide evidence of payment or arrangements to pay for the supplemental clerk's record containing the final judgment with the Clerk of this Court within **10 days** of the date of this order, this appeal may be

reinstated and dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), (c), 43.2(f).

This appeal's abatement is continued and this appeal will be reinstated on this Court's active docket when a supplemental clerk's record containing a final judgment is filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley
               ☒ Acting individually    ☐ Acting for the Court

Date: September 22, 2015